UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 JUL 19 PM 4 30

CLERK

BY___*EH*___
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:17-cr-115-1 |
| | ) | |
| TIMOTHY DURKIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
### (Docs. 41, 47, 49)

The Report and Recommendation of the United States Magistrate Judge ("R&R") was issued on June 14, 2022. (Doc. 49.) No objections having been filed, and after careful review of the file and the R&R, this court ADOPTS the recommendations in full for the reasons stated in the R&R. Defendant Timothy Durkin's "Motion to Dismiss" (Doc. 41)—recharacterized as a motion to set aside, vacate, or correct sentence under 28 U.S.C. § 2255 (see Docs. 43, 44)—is DENIED and the Government's Motion to Dismiss the § 2255 petition (Doc. 47) is GRANTED.

## Analysis

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. Here, no objections to the R&R have been filed.

The R&R concludes that Durkin is not entitled to relief under § 2255 because his claims are time-barred, his challenge to subject matter jurisdiction is not exempt from the one-year limitations period, the "actual innocence" exception is unavailable, and his claims are not subject

to equitable tolling.  (Doc. 49 at 6–15.)  The R&R further concludes that Durkin is not entitled to a hearing "because his Motion is plainly barred by the statute of limitations governing § 2255 motions." (*Id.* at 15.)  The court accepts and adopts each of these recommendations.

Durkin pleaded guilty to the one-count Indictment that charged him with arson in violation of 18 U.S.C. § 844(i).  (*See* Doc. 5 (Indictment); Doc. 21 (plea agreement); Doc. 23 (guilty plea accepted at change-of-plea hearing).)  The court imposed its sentence on October 22, 2018 (see Doc. 30) and Judgment was entered on the docket on October 24, 2018 (Doc. 31).  Durkin's judgment of conviction for arson became final on November 7, 2018—the date when his time for filing an appeal expired.  Fed. R. App. P. 4(b)(1)(A)(i).  Applying the prison mailbox rule, which considers a document filed at the time it was delivered to prison authorities, the earliest possible date that Durkin's § 2255 motion could be deemed filed is May 1, 2021.  *See Houston v. Lack*, 487 U.S. 266, 275 (1988).  The only applicable paragraph of the one-year limitations period in 28 U.S.C. § 2255(f) is paragraph (1), which starts the limitations clock on the date on which the judgment becomes final.  Durkin's § 2255 motion was filed well outside the one-year period.

For the reasons stated in the R&R, the fact that Durkin challenges subject-matter jurisdiction in the underlying arson case does not avoid the time bar.  Section 2255(f)'s one-year limitations period applies to such jurisdictional challenges.  Moreover, the jurisdictional challenge would fail on the merits because the Indictment adequately pleaded the jurisdictional element, charging Durkin with setting fire to a commercial building used in interstate commerce.  The court also adopts the R&R's analysis and reasoning that Durkin's motion does not support an actual-innocence claim and that Durkin has failed to show any basis for equitable tolling.  The court declines to hold a hearing on the § 2255 motion because, due to the time-bar, the "files and

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.

§ 2255(b).

## Conclusion

After careful review of the file and the Report and Recommendation, this court ADOPTS

Magistrate Judge Doyle's recommendations.  (Doc. 49.)  Defendant Timothy Durkin's Motion to

Dismiss (Doc. 41)—recharacterized as a motion to set aside, vacate, or correct sentence under

28 U.S.C. § 2255—is DENIED and the Government's Motion to Dismiss the § 2255 petition

(Doc. 47) is GRANTED.

The court declines to issue a certificate of appealability because Durkin has failed to

make any "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The court will rule separately on the pending Motion for Compassionate Release.

(Doc. 39.)

Dated at Burlington, in the District of Vermont, this 19th day of July, 2022.

Geoffrey W. Crawford, Chief Judge
United States District Court